No. 28,605.

THE STATE OF KANSAS, ex rel. WILLIAM J. WERTZ, County Attorney,. *Appellee*, v. THE NORTH WICHITA DRAINAGE DISTRICT OF SEDGWICK COUNTY, *Appellant*.

(272 Pac. 177.)

Opinion filed December 8, 1928.

*Robert C. Foulston, W. E. Holmes, D. W.. Eaton, George Siefkin, Sidney L. Foulston* and *Lester L. Morris*, all of Wichita, for the appellant.

*William J. Wertz* and *Jean Madalene*, both of Wichita, for the appellee.

*James H. Chambers*, of Wichita, as *amicus curiæ*.

The opinion of the court was delivered by

BURCH, J.: The action was one of quo warranto to oust the North Wichita drainage district of Sedgwick county from exercise of corporate power. The judgment was that the writ be denied. Defendant in its answer prayed for an affirmative judgment that the corporation was legally organized, and appeals to.obtain a supplemental judgment to that effect. Plaintiff appeals, and challenges soundness of the judgment rendered.

The principal contention of the state is that chapter 163 of the Laws of 1925, under which the district was organized, contravenes section 17 of article 2 of the constitution relating to special legislation and singleness of subject of legislation. The statute is prospective, and applies to any county in the state having a population of more than 85,000 and less than 130,000. Under repeated decisions the legislature was authorized to make such a classification. The statute is general, and it operates uniformly in all counties to which it applies.

It is contended the act contains more than one subject. The act is a drainage act, supplemental to an existing drainage statute, and relates to the incorporation and powers of drainage districts—a single comprehensive subject.

It is contended the statute impaired vested rights of property owners in that a new method of financing drainage projects was adopted. No right to benefit of the existing method of taxation had vested in any property owner when the statute was enacted, and no property owner has a vested right to the continuance of any particular method of taxation under which he has not been taxed.

It is contended the act removed the officers of the drainage district from supervision of the district court. The contention is well founded. Supervision was given to the board of county commissioners, where as a matter of good policy it belonged.

It is contended the statute under which proceedings were had, to the stage at which they were controlled by the act of 1925, was unconstitutional. The subject need not be discussed because, as applied to this case, the legislature adopted the proceedings under the previous law as the basis for operation of the act of 1925, and so legitimated them, if there was any doubt of their validity.

The court concludes the statute of 1925 is constitutional and valid, and the drainage district is a legally organized corporation. The judgment of the district court is supplemented by a finding and judgment to that effect.